## Oakley *against* Steddiford and Marschalk.

NEW-YORK,
May, 1808.

Hackley
v.
Hastie.

THE defendants in this cause, pleaded separately, and an inquest was taken by default against both of them at the last sittings in *New-York.*

*Wells,* in behalf of *Marschalk,* now moved to set aside the inquest. He read an affidavit that the defendants had pleaded separately, and that the defendant *Marschalk* had a good defence on the merits. It appeared that he had been regularly discharged under the insolvent act.

*R. Bogardus,* contra, offered to stipulate not to proceed against *Marschalk,* and that a verdict might be entered for him on the *postea.*

*Per Curiam.* On the offer of the plaintiff, to have a verdict entered for the defendant *Marschalk,* we see no reason for setting aside the inquest, as he, by the offer, will have the full benefit of his discharge. On condition, therefore, that the plaintiff performs his stipulation in ten days, we refuse the rule.

Rule refused.

*On a motion to set aside an inquest by default against two defendants, one having previously been discharged as an insolvent, the court refused the rule upon the plaintiff's stipulating, to enter a verdict for the defendant who was discharged, &c.*